IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


TERRY LEE PARKER,                                          CV. 11-220-MO

               Petitioner,

    v.                                                     ORDER

JEFFREY THOMAS,

               Respondent.


     TERRY LEE PARKER
     17137-097
     FCI, Sheridan
     Inmate Mail
     P.O. Box 5000
     Sheridan, OR 97378


     DWIGHT C. HOLTON
     United States Attorney
     RONALD K. SILVER
     Assistant United States Attorney
     1000 SW Third Avenue, Suite 600
     Portland, OR 97204-2902

        Attorneys for Respondent


1 - ORDER

Mosman, District Judge.

Petitioner, an inmate at Federal Correctional Institution, Sheridan (Sheridan), brings this habeas corpus action pursuant to 28 U.S.C. § 2241. He alleges the Bureau of Prisons ("BOP") improperly denied him eligibility for the early release incentive associated with the Residential Drug Abuse Treatment Program ("RDAP"). Petitioner asks the Court, (1) to find the BOP's action denying him eligibility invalid; (2) to provide him with an opportunity for early release under 18 U.S.C. § 3621(e); and (3) to provide for his release to a Residential Reentry Center ("RRC") upon completion of RDAP. (#1, at 29.) Because, on further review, the BOP designated Petitioner eligible for the early release incentive, Petitioner has received the relief he sought. Therefore, Respondent's Motion to Dismiss (#13) is granted, and the Petition for Writ of Habeas Corpus (#1) is dismissed.

## **BACKGROUND**

In 2007, Petitioner was convicted upon pleading guilty to Bank Fraud, Aggravated Identity Theft, Possession of Stolen United States Mail, and Felon in Possession of a Firearm. (#1, Exh. 1.) He was sentenced to a total of 75 months imprisonment, to be followed by 60 months supervised release. (*Id.*) In March 2008, Petitioner applied for RDAP. (#1, Ex. 2.) He was told to re-apply when he was within 36-months or less from his release date. (*Id.*) Petitioner was interviewed for RDAP in 2010 and found to be eligible for the treatment program. However, he was designated

2 - ORDER

ineligible for the associated early release incentive by the BOP's Designation and Sentence Computation Center ("DSCC"). (#1, Ex. 3.) Petitioner unsuccessfully appealed the ineligibility determination through the BOP's administrative review process and, on February 22, 2011, filed the instant petition challenging his inelgibility. (#1, Exs. 4-9.)  On April 15, 2011, further review by the DSCC resulted in Petitioner being designated eligible for the early release incentive upon the successful completion of RDAP.  (#13, at 2.)  Respondent has moved for the petition to be dismissed on the basis Petitioner has received the relief he sought.  (*Id.*)

### DISCUSSION

In 18 U.S.C. §§ 3621-3625, Congress vested the BOP with broad authority to manage the imprisonment of a convicted person, and specified "[t]he Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse."  18 U.S.C. § 3621(b).  In § 3621(e), Congress articulated a specific statutory mandate for residential substance abuse treatment programs for eligible prisoners.  The program the BOP created to satisfy this mandate is the Residential Drub Abuse Program ("RDAP").

In 1994, Congress enacted the Violent Crime Control Law Enforcement Act of 1994 ("VCCLEA"), which amended 18 U.S.C. § 3621 to include a discretionary early release incentive for inmates convicted of non-violent offenses who successfully completed RDAP.

18 U.S.C. § 3621(e)(2).[1]  Beginning in 1995, exercising its broad
discretion under the statute, the BOP promulgated a series of
implementing regulations and internal agency guidelines for
administering the early release incentive under 3621(e)(2).[2]

Courts do not have jurisdiction to review individualized
determinations pertaining to RDAP. *Reeb v. Thomas*, 636 F.3d 1224,
1227-28 (9th Cir. 2011). Under the governing statute, the BOP has
broad discretion in the administration of RDAP, and the
discretionary nature of the associated early release incentive is
well established. *Lopez v. Davis*, 531 U.S. 230, 241 (2001)(BOP
"has the authority, but not the duty ... to reduce [the] term of
imprisonment" under 18 U.S.C. § 3621(e)(2)(B)); *Reeb*, 636 F.3d at
1229 n.4 (no liberty interest in RDAP participation or early
release incentive); *Jacks v. Crabtree*, 114 F.3d at 986 n.4. (9th
Cir. 1997)(BOP has discretion to promulgate regulations that
categorically deny early release eligibility to certain categories

---

[1]Section 3621(e)(2)specifies in relevant part:
(A)  Generally.  Any prisoner who, in the judgment of the
Director of the [BOP], has successfully completed a program
of residential substance abuse treatment provided under
paragraph (1) of this subsection, shall remain in the
custody of the [BOP] under such conditions as the Bureau
deems appropriate. *****
(B) Period of Custody.  The period a prisoner convicted of a
nonviolent offense remains in custody after successfully
completing a treatment program may be reduced by the [BOP],
but such reduction may not be more than one year from the
term the prisoner must otherwise serve."

[2]The regulations governing RDAP and the associated early
release incentive are found at 28 C.F.R. §§ 550.50-550.57 (2009).

4 - ORDER

of inmates); *Downey v. Crabtree*, 100 F.3d 662, 670 (9th Cir. 1996) (statute reflects "unequivocal congressional intent to leave to the Bureau final decisions regarding whether to grant eligible inmates a sentence reduction").  Courts may not order the BOP to grant entry to RDAP, nor may they order the BOP to grant early release. *Downey*, 100 F.3d at 670-71.  Similarly, courts may not order the BOP to transfer an inmate to an RRC for the final component of RDAP, the Community Transitional Drug Abuse Treatment Program ("TDAP").[3]

Because the BOP designated Petitioner eligible for the early release incentive under § 3621(e) on April 15, 2011, Petitioner has received the relief he sought.

<u>**CONCLUSION**</u>

Based on the foregoing, Respondent's Motion to Dismiss (#13) is GRANTED, and Petitioner's Petition for Writ of Habeas Corpus (#1) is DISMISSED.

IT IS SO ORDERED.

DATED this   31   day of May, 2011.


                              /s/Michael W. Mosman
                              Michael W. Mosman
                              United States District Judge

---

[3]*See* 18 U.S.C. § 550.56 (2009); Program Statement P5330.11, Chpt. 2 at 23 (3/16/2009).